| | |
|---|---|
| EUN YONG LEE, JONG KOOK BYEON, CHUNG-KIL CHO, KWON JUN PARK, HYUNG JONG KIM, SU WON CHAE, for themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>  -against-<br><br>EVERGREEN ADULT DAYCARE CENTER, INC., JAMES KOO, YANGIM KANG, and JOHN DOES or JANE DOES 1-30,<br><br>                Defendants. | Case No.: 1:19-cv-02247<br><br>CIVIL ACTION<br><br><br><br><br>**NEGOTIATED SETTLEMENT AGREEMENT WITH RELEASE OF WAGE AND HOUR CLAIMS** |

      This Negotiated Settlement Agreement and Release of Wage and Hour Claims ("Agreement") is entered into by and among Plaintiffs Eun Yong Lee, Jong Kook Byeon, Chung-Kil Cho, Kwon Jun Park, Hyung Jong Kim, and Su Won Chae (collectively, "Plaintiffs") on the one hand, and Evergreen Adult Daycare Center, Inc. and James Koo (collectively, "Defendants"), on the other hand. Plaintiffs and Defendants are hereinafter referred to as "Party" or "Parties"

      WHEREAS, Plaintiffs allege that they worked for Defendants as employees;

      WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 1:19-cv-02247 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

      WHEREAS, Defendants deny any all allegations of unlawful acts including, but not limited to, violation of federal and state wage and hour and overtime laws; and

      WHEREAS, the Parties desire to resolve the pending wage and hour dispute between them without the necessity of further litigation;

      NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

      1.    **<u>Non-Admission of Liability.</u>**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall in any way be construed as an admission by Defendants of any liability or any act of wrongdoing whatsoever against Plaintiffs

or any violation of any statute, regulation, duty, contract, right, or order. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into to avoid the further burden, expense, delay and uncertainty of litigation.

2.  **Settlement Benefits.** In consideration of the Parties signing this Agreement and agreeing to voluntarily dismiss all claims asserted in the Litigation with prejudice, including any and all known and unknown claims and attorneys' fees, Defendants shall pay or cause to be paid to Plaintiffs and their counsel, subject to the terms and conditions of this Agreement, the gross sum of ONE HUNDRED SIXTY FIVE THOUSAND DOLLARS and No Cents ($165,000.00) (the "Settlement Amount"), in accordance with the following schedule:

(a) On or before May 1, 2020, but not more than seven (7) days after the Court's approval of this Agreement, Defendants shall pay $55,000 to Plaintiff's counsel, to be reported on tax form 1099.

(b) On or before June 1, 2020, Defendants shall pay $55,000 to Plaintiff's counsel, to be reported on tax form 1099; and

(c) On or before July 1, 2020, Defendants shall pay $55,000 to Plaintiff's counsel, to be reported on tax form 1099; and

All payments made by Defendants to Plaintiffs pursuant to this Agreement shall be paid by post-dated checks made payable to "KIMM LAW FIRM" and delivered with the first payment to:

KIMM LAW FIRM
Attn: Michael S. Kimm, Esq.
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632

or in any other method to be agreed upon between the parties.

The payments made to Plaintiff's counsel pursuant to this Agreement shall be distributed to Plaintiffs and Plaintiff's counsel as follows:

For payment per subparagraph (a) above,

- Kimm Law Firm (for cost of action):   $540
- Kimm Law Firm (for attorneys' fees):  $17,730.33
- Eun Yong Lee:    $6,664.33
- Jong Koo Byeon:  $7,968.66
- Chung-Kil Cho:   $5,177.00
- Kwon Jun Park:   $4,198.66
- Hyung Jong Kim:  $6,128.33
- Su Won Chae:     $6,593.00

For payment per subparagraph (b) above,

- Kimm Law Firm (for attorneys' fees): $18,270.33
- Eun Yong Lee:      $6,664.33
- Jong Koo Byeon:  $7,968.66
- Chung-Kil Cho:    $5,177.00
- Kwon Jun Park:    $4,198.66
- Hyung Jong Kim: $6,128.33
- Su Won Chae:      $6,593.00

For payment per subparagraph (c) above,

- Kimm Law Firm (for attorneys' fees): $18,270.33
- Eun Yong Lee:      $6,664.33
- Jong Koo Byeon:  $7,968.66
- Chung-Kil Cho:    $5,177.00
- Kwon Jun Park:    $4,198.66
- Hyung Jong Kim: $6,128.33
- Su Won Chae:      $6,593.00

Parties agree to be responsible for their own counsel fees incurred in relation to the Action. In the alternative, Plaintiffs understand that Defendants' payment of Settlement Amount includes the payment for Plaintiffs' counsel fees incurred in relation to the Litigation. Plaintiffs understand and agree that they will not seek anything further, including any other payments from Defendants relating to any claim arising out of the Litigation, including but not limited to the terms and conditions of their employment and separation therefrom, provided Plaintiffs receive all of the Settlement Amount as stated above.  In the event that a scheduled payment of the Settlement Amount is not received by the payment due date, or if a check is returned due to lack of sufficient funds, Defendants shall be in Default. Upon an event of Default, Plaintiffs' counsel shall notify Defense counsel via electronic mail ("Notice") of the Default.  Defendants shall have ten (10) business days from the Notice date to cure the Default.  In the event the noticed Default is not timely cured, Plaintiffs shall be entitled to file the Affidavit of Confession of Judgment in the amount of ONE HUNDRED SIXTY FIVE THOUSAND ($165,000.00), less any Settlement Amount already paid, plus reasonable attorneys fees and costs incurred in filing the Affidavit of Confession of Judgment and obtaining a judgment thereupon.

3.       **Tax Treatment.**   Defendants make no representations with respect to the taxability, in whole or in part, of the Settlement Amount. Plaintiffs hereby agree to pay any and all taxes and assessments that are or may become due and owing on account of the payment of any of the Settlement Amount, and to indemnify Defendants for any taxes and assessments (including but not limited to penalties or interest) that Defendants may be required to pay as a result of Plaintiffs' failure to pay required taxes or other assessments on any portion of the Settlement Amount, with the exception being standard employer FICA and FUTA matching taxes paid by employer.

4.       **Release and Covenant Not To Sue.** Plaintiffs hereby irrevocably and unconditionally releases, and forever discharges and covenants not to sue Defendants, each of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, and managers from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands,

controversies, losses, costs and or expenses, including legal fees relating to their wage and hour claim, whether brought under the Fair Labor Standards Act or analogue state law, which were asserted in this action or might have been asserted in this action.

5. **No Other Actions Pending.** Plaintiffs represent that they have not filed or participated in any action, charge, complaint or proceeding of any kind against Defendants in any court or before any administrative or investigative body or agency (other than in the Litigation).

6. **Binding Nature of Agreement.** This Agreement shall be binding upon each of the Parties and upon the heirs, administrators, representatives, executors, successors and assigns of each of them, and shall inure to the benefit of each Party and to the heirs, administrators, representatives, executors, successors, and assigns of each of them.

7. **Entire Agreement.** This Agreement is intended by the Parties as a final expression of their agreement and as a complete and exclusive expression of its terms. This Agreement, which shall be deemed to be a contract under seal, shall supersede all prior discussions, promises, representations or understandings, oral and written, among the Parties in connection with the subject matter hereof.

8. **Modification of the Agreement.** This Agreement may not be amended, revoked, modified or otherwise changed unless the changes are in writing and signed by all Plaintiffs and Defendants, or their respective representative and/or counsel. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

9. **Acknowledgments.** Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

10. **Notices.** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

KIMM LAW FIRM
Attn: Michael S. Kimm, Esq.
333 Sylvan Avenue, Suite 106
Englewood Cliffs, NJ 07632
Tel: (201) 569-2881
Fax: (201) 569-2881
Email: msk@kimmlaw.com

To Defendants:

KIM CHO & LIM, LLC

Attn: Seokchan (Sean) Kwak, Esq.
460 Bergen Boulevard, Suite 201
Palisades Park, NJ 07650
Tel: (201) 585-7400
Fax: (201) 585-7422
Email: seankwak@kcllawfirm.com

11. **Governing Law.** This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state, without regard to principles of conflict of laws, and shall be interpreted as neutral as between the Parties, without regard to any presumptions, inferences or rules of construction based on the authorship of the Agreement. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

12. **Severability and Enforceability.** In the event that any one or more provisions of this Agreement is held to be invalid, illegal, void, or unenforceable, such provision shall be of no force or effect, but the validity legality, and enforceability of the remaining provisions of this Agreement will not be affected or impaired thereby. Provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. This Agreement shall survive the performance of the specific arrangements contained herein.

13. **Release Notification.** Plaintiffs acknowledge that they have consulted with Michael S. Kimm of Kimm Law Firm in executing this Agreement. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Agreement has been translated to them in Korean, to the extent necessary for their understanding and comprehension, that they understand the terms of this Agreement, and that they are signing this Agreement voluntarily.

14. **Attorney's Fees.** Plaintiffs understand that the Settlement Amount includes the payment for Plaintiffs' counsel fees and costs incurred in connection with the Litigation.

15. **Construction.** The language of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

16. **Counterparts.** To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart. This Agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____     Date: _____
    EUN YONG LEE

By: _____     Date: _____
    JONG KOOK BYEON

By: _____     Date: _____
    CHUNG-KIL CHO

By: _____     Date: _____
    KWON JUN PARK

By: _____     Date: _____
    HYUNG JONG KIM

By: _____     Date: _____
    SU WON CHAE

DEFENDANTS:

By: _____/s/_____     Date: _____
    JAMES KOO, individually

By: _____/s/_____     Date: _____
    JAMES KOO, on behalf of
    EVERGREEN ADULT DAYCARE CENTER, INC.